## Blair et al. v. Pennsylvania Turnpike Commission

210

*R. W. Smith, Jr.*, for plaintiffs.

*J. N. Gregg*, for defendant.

BAUER, J., November 23, 1954.—This action in assumpsit was instituted on the part of plaintiffs by the issuance of a summons by the Prothonotary of Westmoreland County on May 1, 1950. This case has been before the court for a long period of time, and counsel for plaintiffs and counsel for defendant have informed the court on many occasions not to dispose of this matter because it was in the process of settlement. We have gone along with counsel for the reason that we believe that in civil court counsel who are the representatives of the parties litigant have the right to dispose of any matter before the court, by agreement or by settlement, and if this can be accomplished they should be given the necessary time. However, we are now at this late date informed that the parties are unable to come to a settlement, after this long period of time. It now becomes necessary for this court to dispose of the preliminary objections which have been filed.

The original summons indicates that it was received at the sheriff's office on May 1, 1950, and it was prop-

erly served upon defendant corporation on July 6, 1950.

Plaintiff's complaint was filed in the office of the Prothonotary on November 28, 1950, and was properly served upon defendant on December 4, 1950.

Counsel for defendant entered his appearance by præcipe on December 8, 1950.

On February 21, 1951, an amended complaint in trespass was filed, and service thereof was accepted by defendant's counsel on the same day.

Later, on November 8, 1951, preliminary objections were filed on the part of defendant to the amended complaint.

In response to those objections, a second amended complaint was filed on the part of plaintiffs on September 25, 1952, and service of that amended complaint was accepted by defendant's counsel on the same day.

Later, on January 19, 1953, preliminary objections were filed to this second amended complaint, and the court is presently concerned with those objections, which are the only ones now pending for decision.

The first of those objections is to the effect that the alleged agreement made between the parties was entered into on May 2, 1944, and that, consequently, any action to enforce the same or for breach of the same was barred at the inception of the suit by the statute of limitations.

We will pass, for the moment, the question as to whether or not this defense may be properly raised, primarily for the reason that it is perfectly obvious from the facts, which are set out above, that the action was brought within the period of six years following the date of the contract, which is set out in the pleadings.

The pleadings state in the first amended complaint, paragraph eight, that by a letter dated May 3, 1944, a copy of which is attached to the complaint and

marked exhibit A, that defendant commission agreed, in consideration of the settlement of claim for damages which was pending against it, and in which plaintiffs were the landowners, that it would "open the fence across the old road over the Eastern portal to permit the removal of the timber that lies to the North of the right-of-way of the Turnpike, without interference by the Turnpike, or any of its agents, servants, or employees."

It also appears from the first complaint, as later amended, that plaintiffs had originally asserted a claim for damages, by reason of the condemnation and injury to the premises occasioned by the Turnpike Commission's construction of the highway; viewers were appointed and filed their award on May 29, 1941; an appeal was taken to the court of common pleas of this county from that award, and the case was listed for trial before a jury on May 2, 1944, at which time a verdict was returned by the jury, by agreement of the parties, in favor of present plaintiffs and in the amount of $16,400.

It also appears from the pleadings, and this must be accepted as verity, that the consideration for the agreement and settlement was the agreement of the commission, as expressed in the letter marked exhibit A, that the fence would be opened so as to permit plaintiffs to remove and transport timber from their land.

The applicable period of six years, within which suit could have been brought in this case, necessarily would not have expired until May 2, 1950, and most probably until May 3, 1950. Actually, since there was no time limit fixed in the agreement as mentioned by the letter of the commission, the statute would probably not begin to run until demand had been made for compliance with the agreement and until defendant had refused to comply therewith.

The last amended complaint states that this demand for compliance was made by letter of counsel for plaintiffs, dated July 8, 1944, so that legally the six-year period would not have expired until July 8, 1950. However, even if we accept the date May 2, 1944, as the date as of which the statute began to run, then it would not expire until May 2, 1950. As indicated by the records in this action, the writ of summons in assumpsit was issued May 1, 1950, and was handed to the sheriff and received by him the same day.

The principle of law applicable to this case is well expressed in 2 Standard Pa. Practice 109, §21, in which it is said:

"In computing the time within which an action may be brought the day on which the cause of action arose should be excluded, for it is a well-settled general rule that where an act of assembly requires a thing to be done within a certain time from a prior date, and deprives the party of a right for omitting it, the day from which the count is to be made should be excluded in computing the time within which the act may be done. . . ."

The second objection raised by defendant, as set out in its demurrer, is that the letter dated May 3, 1944, to which we have referred, and which is designated as exhibit A in the first amended complaint, set forth the policy of the commission with respect to the opening of the fence to provide access by timbermen to the turnpike, and then only when arrangements had been made with the commission, and as such was liable to change.

If we refer again to this letter (exhibit A) we find that the Turnpike Commission, by its counsel, stated in the letter of May 3rd, that in consideration of the settlement of the condemnation case, the commission "*will open the fence across the old road* over the Eastern portal to permit the removal of the timber that

lies to the North of the right-of-way of the Turnpike, without interference by the Turnpike, or any of its agents, servants, or employees". (Italics supplied.) The second paragraph of this letter states:

"*Also,* I have been authorized to say that it is the policy of the Commission to permit timbermen to make arrangements with the Commission for the opening the fence, and the installation of gates along the right-of-way from time to time to permit the removal of timber, such gates to be maintained in accordance with the safety regulations and under the rules and regulations of the Commission." (Italics supplied.)

Defendant is straining at technicalities to now state that it did not enter into a definite contract and agreement with plaintiffs, under which the commission stated that it would open the fence so that plaintiffs would have access to the turnpike for the removal of timber.

It is perfectly apparent that, in addition to this promise, the commission, through its counsel, stated that it also had a policy which permitted arrangements to be made by "timbermen" for opening of the fence and the installation of gates.

It is fair to say that the commission really made two arrangements. One was most definite and positive—they stated they would "open the fence". The other was, that in addition to that act to be performed upon the part of the commission, for consideration which they had received, they also had a policy which would permit timbermen to "make arrangements with the commission for the opening of the fence."

We are not interested in this suit in what arrangements "timbermen" might make; plaintiffs are asserting no right as "timbermen"; they are merely asserting a claim for damages in assumpsit, by reason of the refusal of the commission to comply with the terms of the contract, which appear in the first paragraph

of the letter dated May 3, 1944, demand having been made for such compliance, and the commission having failed to live up to its contract.

From what we have stated, it appears definitely that this action in assumpsit was instituted prior to the expiration of the period of six years from the inception of the action, or from the execution of the contract, and it also appears that plaintiffs have alleged an oral contract with defendant, and a breach thereof, which would entitle them to proper damages on a trial of this action.

The preliminary objections heretofore filed should, therefore, be dismissed.

And now, November 23, 1954, after argument, and after due and careful consideration, it is ordered, adjudged and decreed that the preliminary objections heretofore filed be and the same hereby are dismissed.